IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GIOVANNI SANCHEZ and <br> SHEILA SANCHEZ, <br> *Plaintiffs,* <br><br> v. <br><br> CLEAR BLUE INSURANCE COMPANY <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:24-cv-00226 |

## NOTICE OF REMOVAL

Defendant Clear Blue Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Giovanni Sanchez and Sheila Sanchez v. Clear Blue Insurance Company*; Cause No. 129384-CV; In the 239th Judicial District of Brazoria County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Giovanni Sanchez and Sheila Sanchez (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 129384-CV; In the 239th Judicial District of Brazoria County, Texas on July 10, 2024 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A.**

2. Defendant appeared and answered on August 1, 2024, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to Southern District of Texas Local Rule 81(2), all documents asserting pleadings and answers to such pleadings are incorporated in **Exhibits A and B**.

4. Pursuant to Southern District of Texas Local Rule 81(3), a full copy of the state court file has been requested and will be filed upon receipt.

5. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit C**.

6. Pursuant to Southern District of Texas Local Rule 81(5), an index of matters being filed is being filed contemporaneous with this Notice of Removal.

7. Pursuant to Southern District of Texas Local Rule 81(6), a list of all counsel of record, including addresses, telephone numbers and parties represented is being filed contemporaneous with this Notice of Removal.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 239th Judicial District of Brazoria County, Texas.

9. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

11. Plaintiffs are domiciled in Brazoria County, Texas. *See* **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

12. Clear Blue Insurance Company is a corporation organized under the laws of Illinois and maintains its principal place of business in Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Illinois.

13. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

14. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

3

15. Here, Plaintiffs' Original Petition seeks "monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ 71. Plaintiffs seek actual damages in the amount of $41,298.29. **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ 62. Moreover, Plaintiffs sent a pre-suit demand letter in which it demanded $41,298.29 as "the amount of damage for the replacement cost for the damages or loss to the covered property," in addition to interest and attorney's fees. **Exhibit D,** April 23, 2024 Plaintiffs' Pre-Suit Demand Letter. Plaintiffs' Original Petition seeks "actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs requests [sic] the award of attorney's fees for the trial and any appeal of this case . . ." **Exhibit A**, Plaintiffs' Original Petition, at § Prayer. Plaintiff seeks a trebling of actual damages due to a "knowing" violation of the Texas Insurance Code and DTPA. **Exhibit A**, Plaintiffs' Original Petition, at ¶ 58-59. A trembling of Plaintiff's actual damage amount would total $123,894.87.

16. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

17. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

18. WHEREFORE, Defendant Clear Blue Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Robert G. Wall*
Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
 (512) 476-7834
 (512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT CLEAR BLUE INSURANCE COMPANY**

OF COUNSEL:

Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via email and Certified Mail this the 1st day of August, 2024 to:

Amanda J. Fulton                                #**9414 7266 9904 2137 9616 93**
Chad T. Wilson
Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwilsonlaw.om
afulton@cwilsonlaw.com

 */s/ Robert G. Wall*
Robert G. Wall

5